64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Glen DODGE, Defendant-Appellant.
 No. 94-4219.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Raymond Glen Dodge was found guilty after a jury trial on a single count of escape, in violation of 18 U.S.C. 751(a). On appeal, defendant asserts that the district court erred in (1) treating the escape as a continuing offense and admitting evidence beyond the date stated in the indictment, and (2) refusing defendant's proposed voir dire to prospective jurors.
 
 
 3
 Defendant escaped from the Schleicher Community Corrections Center in Utah on May 21, 1994, and was apprehended in Spokane, Washington approximately a month later. He asserted that his voluntary intoxication at the time he escaped negated the required intent to escape. Before trial, defense counsel moved the district court to limit the evidence at trial to the time immediately surrounding the escape. The district court denied the motion and allowed the government to present evidence concerning defendant's intent for the entire period that he was at large. Defendant argues that this amounted to an improper constructive amendment of the indictment to charge a continuing offense. He argues also that the district court erred in refusing defense counsel's proposed voir dire focusing on possible bias concerning alcoholism and prior felony convictions.
 
 
 4
 We review de novo a district court's interpretation of a federal statute. United States v. Martinez, 890 F.2d 1088, 1091 (10th Cir.1989), cert. denied, 494 U.S. 1059 (1990).
 
 
 5
 We agree with the government that the "constructive amendment" argument is answered and controlled by United States v. Bailey, 444 U.S. 394 (1980). As to whether the escape offense is continuing, the Supreme Court there stated that it is "clear beyond peradventure that escape from federal custody as defined in 751(a) is a continuing offense and that an escapee can be held liable for failure to return to custody as well as for his initial departure." 444 U.S. at 413.
 
 
 6
 As to whether there is an unlawful variance because the indictment recited a specific date and did not reference the crime as continuing, the Bailey decision rejected the reasoning that because defendants were indicted for " 'flee[ing] and escap[ing]' '[o]n or about August 26, 1976,' and not for 'leaving and staying away from custody,' " id. at 401-02 (quoting 585 F.2d at 1100), the jury should have been instructed that their escapes were continuing offenses. More important for our case, Bailey noted that "[t]here was no significant 'variance' in the indictment merely because respondents had not been indicted under a theory of escape as a continuing offense." Id. at 414.
 
 
 7
 Bailey involved defendants who claimed a defense of duress or necessity. The Supreme Court held that to be entitled to an instruction on that defense, they "must proffer evidence of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." Id. at 415. In the instant case, defendant claimed drunkenness was his defense, negating his intent to commit the crime. Although the indictment charged an escape on a particular day, defendant should have anticipated evidence relating to the period before his recapture approximately thirty days later. Allowing prosecution evidence to cover the time frame beyond the date stated in the indictment did not create a variance between the indictment and proof at trial. See United States v. Williamson, 53 F.3d 1500, 1512-13 (10th Cir.1995) (proof must correspond with charge in indictment, and merely because evidence at trial does not match facts alleged in indictment does not establish improper variance). Bailey reaffirmed that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Bailey, 444 U.S. at 414.
 
 
 8
 In any event, by offering the voluntary intoxication defense, defendant invited evidence of his conduct throughout the time he was at large because only if he was intoxicated the entire time would the intent to escape have been negated. In United States v. Woodring, 464 F.2d 1248 (10th Cir.1972), we concluded that "[o]ne is guilty of escape notwithstanding the late formation of the idea when he seizes an opportunity and does not return to the penitentiary." Id. at 1250. The evidence in Woodring supported a conviction on a charge of willful escape because even if the jury had accepted Woodring's defense that he was abducted from the honor farm he "did not turn himself in, and [ ... ] some nineteen months passed following his alleged involuntary 'abduction.' " Id. As in Woodring, even if the jury in the instant case believed that defendant was intoxicated when he left Schleicher Community Corrections Center, that fact does not negate willfulness when the defendant remained at large.
 
 
 9
 Defendant also asserts the district court erred in refusing voir dire questions offered by the defense. We review for abuse of discretion the district court conduct of voir dire. United States v. Gillis, 942 F.2d 707, 709-10 (10th Cir.1991); Fed.R.Crim.P. 24(a). "A district court abuses that discretion if the voir dire is so limited that it does not create any reasonable assurances that prejudice would be discovered if present." Id.
 
 
 10
 Defendant argues that the district court should have questioned the panel about bias stemming from his prior felony convictions and those of defense witnesses, as well as regarding defendant's voluntary intoxication defense. Instead, the district court questioned the panel about general bias based on the nature of the charge of escaping from custody, and made specific inquiries about contacts with law enforcement or corrections institutions, family members working in law enforcement, and biases because law enforcement personnel would be witnesses. When instructing the jury, the district court included directives that law enforcement officers' testimony is entitled to no greater weight than other witnesses, that evidence of prior convictions of the defendant and a witness were to be considered only in evaluating credibility, and that intoxication can negate the requisite intent of the crime charged. I R. doc. 35., insts. 18, 21-23.
 
 
 11
 The questioning before jury selection convinces us that any prejudice would have been discovered. Moreover, the district court addressed defendant's remaining concerns in the jury instructions. "[R]efusal to ask [a] question does not amount to an abuse of discretion when the trial judge adequately covers the issue in other questions and in his charge to the jury." United States v. Espinosa, 771 F.2d 1382, 1405 (10th Cir.) (refusal to ask jurors whether they would give law enforcement officers' testimony more weight in case consisting "primarily of police testimony" was not error), cert. denied, 474 U.S. 1023 (1985). The record revealed no specific risk of prejudice that required either more detailed voir dire or additional admonishing instructions. See Gillis, 942 F.2d at 710. The district court did not abuse its discretion in refusing to probe into specific personal biases against witnesses with criminal records or alcoholism.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470